ANNA McKERNAN, PLAINTIFF-APPELLANT, v. COMMON-WEALTH TRUST COMPANY, A CORPORATION, DEFEND-ANT-RESPONDENT.

Submitted October 28, 1938—Decided January 13, 1939.

For the appellant, *Archie Elkins.*

For the respondent, *Collins & Corbin.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court, affirming a judgment of the Hudson County Common Pleas in favor of the defendant, based upon a directed verdict. The plaintiff instituted suit to recover for personal injuries sustained as the result of the alleged negligence of the defendant in the construction of a building which she alleges was designed for and devoted to public and semi-public use, and for the alleged negligence in the maintenance of said building. The building was owned by the defendant, and had been leased in its entirety to a tenant. One room on the first floor of said building was used by the tenant as a tavern or saloon, and a back room with a separate entrance was used for private meetings. The upper floor was used by the tenant's son as living quarters for himself and family.

At the time of the accident plaintiff had been attending a private meeting in the back room on the first floor, and when walking from the meeting room to the street, by way of the separate entrance, she caught her heel on a weather-stripping laid on the inside of the building under the inside doors, causing her to fall forward on the sidewalk, sustaining the injuries complained of.

We think the action of the trial court in directing a verdict was proper. The tenant was in possession under a lease, the term of which was for five years, and there was nothing therein to indicate that the building or any portion thereof should be devoted to any particular use. It appears that when the building was originally constructed the floor was properly laid in accordance with the required standard of construction. The record presents no proof that the room where the meeting was held was ever intended to be devoted to either public or semi-public use, or that the room and separate entrance were ever held out by the owner as a public place.

There is no evidence to support a finding that the plaintiff was induced to come upon that part of the premises involved by either the express or implied invitation of the defendant, and therefore, there was no breach of a duty owing by the defendant to the plaintiff.

It is not necessary to discuss the other grounds of appeal, as we have examined same and find them to be without merit.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—None.